IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ZACHARY A. McGRAW, JR.,        )
                               )
            Plaintiff,         )
                               )
    v.                         )   No.  09 C 5043
                               )
CITY OF CHICAGO,               )
                               )
            Defendant.         )

MEMORANDUM ORDER

Zachary McGraw, Jr. ("McGraw") has "responded" to the City of Chicago's Partial Motion To Dismiss McGraw's Complaint of Employment Discrimination with a set of assertions that really fail to address the City's contentions at all. Instead McGraw rehashes his earlier unsuccessful litigation--which is over and done with, and which cannot of course be relitigated now--in detail. Much of his response deals with the settlement of the long-running Shakman litigation and his having assertedly opted out of that settlement--a total irrelevancy.[1]

---

[1] Among the exhibits that McGraw attaches to his current filing is a photocopy of a January 16, 2008 memorandum order issued by Judge Gettleman in McGraw's earlier lawsuit, Case No. 07 C 6481, that reads in part:

> In his "Motion Not to Dismiss" plaintiff appears to argue that because he has "opted out" of the settlement in Shakman v. Democratic Organization of Cook County, et al., No. 69 C 2145, the case should not be dismissed. The instant complaint, however, contains no allegations of political discrimination which is the basis of the Shakman settlement. Accordingly, because Case No. 07 C 6481 is untimely and duplicative of Case No. 07 C 0414 plaintiff's Motion Not to Dismiss is denied.

Unfortunately McGraw's views are colored by his fixed view that he is the victim of a conspiracy in which federal judges, both at the District Court level and in the Court of Appeals, are among the coconspirators.[2] Indeed, that suspicion-driven mindset has been exhibited in this case as well. Earlier in this action this Court granted McGraw's motion for the appointment of a member of the trial bar to represent him pro bono publico. But after the appointed counsel--an experienced and reputable lawyer from a reputable law firm--exercised his best efforts to work with and for McGraw, that counsel was compelled to request that he be granted leave to withdraw because of McGraw's belligerent language and conduct stemming from his self-perception that he knew better than his lawyer. This Court granted counsel's request, and since then McGraw has been operating on his own.

One thing emerges clearly from McGraw's current nonresponse: Nothing will disabuse him of the total misconceptions that he exhibits. Because the forthright--and demonstrably accurate--assertions in the City's partial dismissal motion have not been countered by McGraw, what follows will simply summarize and grant all aspects of that motion:

---

That total absence of any claim of political discrimination is equally the case here, and McGraw's identical current contentions about the Shakman case gain nothing by repetition.

[2] No doubt this Court will be added to McGraw's list as a result of the ruling here.

1. Because McGraw's potentially viable claims are bounded by the scope of his EEOC Charges of Discrimination, any claims (1) that the City failed to promote him and terminated his employment for discriminatory reasons or (2) that the City failed to hire or rehire him for discriminatory reasons or retaliated against him for complaining about discrimination before June 26, 2007 are rejected. Quite apart from that problem of scope, any charges of asserted pre-July 22, 2006 retaliation for McGraw's having complained about discrimination are untimely for Title VII purposes and are therefore barred.

2. Any claims of age-based discrimination in violation of the ADEA or race-based discrimination in violation of Title VII cannot be advanced by McGraw in this action, because no EEOC right-to-sue letters have been issued as to such claims.

3. All pre-August 17, 2007 Section 1983 claims by McGraw are barred by the applicable two-year statute of limitations. Even as to any putative Section 1983 claim that is not outlawed by limitations, McGraw's present pleading fails to meet the standards set out by <u>Monell v. Dep't of Social Servs. of City of New York</u>, 436 U.S. 658, 691 (1978) and the almost countless cases applying those standards. Hence Section 1983 is simply not at issue in

McGraw's current Complaint.

    4. This Court will also not entertain any claims that seek to undo the now-final and now-nonappealable dismissal of McGraw's earlier Case No. 07 C 6481.

    5. McGraw's potential claims for intentional infliction of emotional distress are preempted by the Illinois Human Rights Act and are therefore also dismissed.

Under ordinary circumstances a plaintiff who has had so great a portion of his, her or its claims in a complaint rejected would be sent back to the drawing boards to recast the complaint to include only those contentions that survive. But McGraw's purported "response," which did not even begin to meet the City's contentions head on, has made it plain that any such order would be an exercise in futility. Accordingly the City is ordered to file an answer only to whatever contentions have survived the dismissals ordered here, with that limited answer to be filed on or before April 5, 2010. This action is then set for a next status hearing at 9 a.m. April 13, 2010.

                                      _____
                                      Milton I. Shadur
                                      Senior United States District Judge

Date:  March 10, 2010