```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

```
ZACHARY A. McGRAW, JR.,          )
                                 )
            Plaintiff,           )
                                 )
     v.                          )     No.  09 C 5043
                                 )
CITY OF CHICAGO,                 )
                                 )
            Defendant.           )
```

MEMORANDUM ORDER

This Court's August 27, 2010 minute order ("Order") that dismissed this employment discrimination action by Zachary McGraw, Jr. ("McGraw") described the case as "the latest in a series of battles he has sought to wage against the City of Chicago." There is no need to recite the checkered history of the litigation, in which this Court had appointed a member of the District Court's trial bar to represent McGraw, only to find that counsel was unable to work with him and accordingly sought and obtained withdrawal from the representation. Suffice it to say that McGraw's effort in this case (like his earlier complaints that had been dismissed by other judges of this District Court) plainly flunked the "plausibility" standard established by the Supreme Court's Twombly-Iqbal caselaw.

Now, nearly a year and a half after dismissal of the action, McGraw has served notice that he plans to present on January 31 what he captions as "Motion--Reconsideration To reopen case for new trial case new discovered evidence." That motion comes far

too late and must be rejected.

True enough, Fed. R. Civ. P. ("Rule") 60(b)(2) does permit a party to seek relief from a final judgment because of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."[1] But Rule 60(c)(1) not only generally requires any Rule 60(b) motion to be "made within a reasonable time" but also expressly sets a one year period of repose within which a motion of McGraw's type must be advanced.

Accordingly McGraw's proposed motion is denied as untimely. Hence he can save a bootless trip to the courthouse on January 31.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  January 24, 2012

---

[1] This Court will assume arguendo that McGraw could qualify under that rubric, though that seems highly doubtful.

[2] With this memorandum order having denied McGraw's motion for reconsideration (Dkt. 51), his accompanying motions for leave to proceed in forma pauperis (Dkt. 53) and for the appointment of counsel (Dkt. 54) are also denied.